UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANGIE M.B.[1],                                    Case No. 2:22-cv-2393
          Plaintiff,                              Litkovitz, M.J.

vs.

COMMISSIONER OF                          **ORDER**
OF SOCIAL SECURITY,
          Defendant.

Plaintiff Angie M.B. brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3)

for judicial review of the final decision of the Commissioner of Social Security (Commissioner)

denying plaintiff's applications for disability insurance benefits (DIB) and supplemental security

income (SSI).  This matter is before the Court on plaintiff's Statement of Errors (Doc. 9), the

Commissioner's response in opposition (Doc. 11), and plaintiff's reply. (Doc. 12).

**I.  Procedural Background**

Plaintiff protectively filed her applications for DIB and SSI on March 25, 2019, alleging

disability since November 30, 2011, due to mental health issues, a stroke, anxiety, depression,

hypertension, fibromyalgia, diabetes, high cholesterol, and irritable bowel syndrome.  (Tr. 16,

350).  The applications were denied initially and on reconsideration.  Plaintiff, through counsel,

requested and was granted a *de novo* hearing before administrative law judge (ALJ) Michael S.

Condon on April 5, 2021.  (Tr. 37-99).  Plaintiff and a vocational expert (VE) appeared

telephonically and testified at the ALJ hearing.  On April 13, 2021, the ALJ issued a decision

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

denying plaintiff's DIB and SSI applications.  (Tr. 13-31).  The Appeals Council denied

plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

(Tr. 1-7).

## II.  Analysis

### A.  Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable

physical or mental impairment that can be expected to result in death or that has lasted or can be

expected to last for a continuous period of not less than 12 months.  42 U.S.C. §§ 423(d)(1)(A)

(DIB), 1382c(a)(3)(A) (SSI).  The impairment must render the claimant unable to engage in the

work previously performed or in any other substantial gainful employment that exists in the

national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation

process for disability determinations:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

> 5) If the claimant can make an adjustment to other work, the claimant is not
> disabled.  If the claimant cannot make an adjustment to other work, the claimant
> is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§

404.1520(a)(4)(i)-(v), 404.1520(b)-(g)).  The claimant has the burden of proof at the first four

steps of the sequential evaluation process.  *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548

(6th Cir. 2004).  Once the claimant establishes a prima facie case by showing an inability to

perform the relevant previous employment, the burden shifts to the Commissioner to show that

the claimant can perform other substantial gainful employment and that such employment exists

in the national economy.  *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th

Cir. 1999).

### B.  The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of

fact and conclusions of law:

1. [Plaintiff] meets the insured status requirements of the Social Security Act
   through March 31, 2024.

2. [Plaintiff] has not engaged in substantial gainful activity since November 30,
   2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: diabetes mellitus type II;
   post cerebrovascular accident; obesity; generalized anxiety disorder; major
   depressive disorder; and other specified trauma and stressor related disorder
   (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that
   meets or medically equals the severity of one of the listed impairments in 20
   CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525,
   404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the [ALJ] finds that [plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: can frequently climb ramps or stairs, stoop, kneel, crouch, or crawl; has no limit on balancing; can never climb ladders, ropes, or scaffolds; can have no exposure to hazards, including unprotected heights and dangerous moving machinery; can perform no operation of motor vehicles as a part of work duties; can understand, remember, and apply information to perform simple tasks; is able to focus on and complete simple tasks; can make simple decisions; and can adapt to routine changes in the workplace setting.

6. [Plaintiff] is capable of performing past relevant work as a Maid. This work does not require the performance of work-related activities precluded by [plaintiff]'s residual functional capacity (20 CFR 404.1565 and 416.965).[2]

7. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from November 30, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 18-30).

**C. Judicial Standard of Review**

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less

---

[2] Plaintiff's other past relevant work was as a corrections officer, a semi-skilled, medium position; and a title searcher, a skilled, light position. (Tr. 30, 87-88).

than a preponderance. . . .”  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

In deciding whether the Commissioner's findings are supported by substantial evidence, the

Court considers the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the

disability determination.  Even if substantial evidence supports the ALJ's conclusion that the

plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails

to follow its own regulations and where that error prejudices a claimant on the merits or deprives

the claimant of a substantial right."  *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746).

**D.  Specific Errors**

First, plaintiff argues that the ALJ erred in his analysis of her fibromyalgia by addressing

it for the first time at step four of the sequential evaluation process.  Second, plaintiff argues that

the ALJ erred by failing to incorporate all aspects of the persuasive medical opinion of

consultative examiner Princess Black, Pys.D., into his residual functional capacity (RFC)

determination.

1.  <u>Fibromyalgia</u>

Plaintiff argues that the ALJ's treatment of this impairment in his decision was internally

inconsistent, confusing, and cannot be meaningfully reviewed because the ALJ did not mention

fibromyalgia until step four of the sequential evaluation process.  Plaintiff also argues that

evidence in the record demonstrates that plaintiff's fibromyalgia medically equaled a Listing at

step three of the sequential evaluation process.

In response, the Commissioner argues that any error with respect to the ALJ's treatment of plaintiff's fibromyalgia at step two of the sequential evaluation process is irrelevant because the ALJ found other impairments severe and considered her fibromyalgia later in his decision. The Commissioner also argues that the ALJ was not required to consider Listing 14.09(D) at step three of the sequential evaluation process, and, in any event, plaintiff has not demonstrated that she could satisfy the requirements of that Listing.[3]  Finally, the Commissioner points to SSR 17-2p ("Evidence Needed . . . To Make Findings About Medical Equivalence"), 2017 WL 3928306, at *4 (Mar. 27, 2017), which explains that ALJs are not required to articulate specific evidence supporting their Listing determinations.

In reply, plaintiff argues that the ALJ seemed to determine that fibromyalgia was not a medically determinable impairment at step two of the sequential evaluation process but then considered it after he determined plaintiff's RFC.  Plaintiff also argues that if the Court believes that the ALJ did find her fibromyalgia to be a medically determinable impairment, the ambiguity in whether he found it severe or non-severe is relevant to the ALJ's assessment of the opinion of Roopan E. Farris, M.D.—plaintiff's primary care physician.[4]  (*See* Tr. 1005).

Plaintiff's first argument fails because review of the ALJ's decision demonstrates that he classified plaintiff's fibromyalgia as a non-severe medically determinable impairment.  At step two of the sequential evaluation process, the ALJ enumerated plaintiff's severe, non-severe, and non-medically determinable impairments without mentioning fibromyalgia.  (Tr. 18-20).  The

---

[3] While plaintiff references Social Security Ruling (SSR) 12-2p ("Evaluation of Fibromyalgia"), 2012 WL 3104869 (July 25, 2012), and Listing 14.09, she does not discuss any specific subsection or associated requirements.  (*See* Doc. 9 at PAGEID 1050-52).

[4] Plaintiff does not challenge the ALJ's assessment of this opinion.

6

ALJ concluded the section, however, with the following: "The undersigned finds *all other impairments* alleged and found in the record, *other than those enumerated above*, to be non-severe or non-medically determinable impairments."  (Tr. 20 (emphasis added)).  The ALJ later confirmed that fibromyalgia is a non-severe impairment (as opposed to a non-medicallly determinable impairment).  (*See* Tr. 25-26 ("[T]he record meets the requirements set forth by the Social Security Administration needed for the determination that fibromyalgia is a medically determinable impairment. . . .")).  Plaintiff's arguments that the ALJ's decision is confusing or internally inconsistent on this point are therefore without merit.

Plaintiff seems to concede that the misclassification of an impairment as non-severe as opposed to severe is generally harmless error.  Notwithstanding the fact that the ALJ did not enumerate plaintiff's fibromyalgia at steps two or three of the sequential evaluation process, he explicitly discussed the impairment as part of his explanation for his RFC determination.  (*See* Tr. 26).  *See Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (failure to classify an impairment as severe is harmless error "so long as the ALJ considers all of the individual's impairments" in making the RFC determination).  Plaintiff argues instead that a lack of clarity on that point prevents meaningful review of the ALJ's treatment of a related medical opinion.  (*See* Doc. 12 at PAGEID 1079 ("[T]he ALJ's evaluation of Dr. Farris' opinions *would be problematic if [plaintiff]'s fibromyalgia was a severe impairment*.") (emphasis added)).  Because the ALJ found plaintiff's fibromyalgia to be a non-severe impairment, however, this argument is without merit.

Plaintiff's Listing argument is also without merit. At step three of the sequential evaluation process, plaintiff carries the burden to show that she has an impairment or combination of impairments that meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, App. 1. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001); 20 C.F.R. § 404.1520(a)(4)(iii).[5] If a claimant meets all of the criteria of a listed impairment, she is disabled; otherwise, the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(d)-(e); *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); *see also Rabbers*, 582 F.3d at 653 (citing 20 C.F.R. § 404.1525(c)(3)) ("A claimant must satisfy all of the criteria to meet the listing.").

In evaluating whether a claimant meets or equals a listed impairment, an ALJ must "actually evaluate the evidence, compare it to [the relevant listed impairment], and give an explained conclusion, in order to facilitate meaningful judicial review." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011). Otherwise, "it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Id.* (citations omitted). The ALJ "need not discuss listings that the [claimant] clearly does not meet, especially when the claimant does not raise the listing before the ALJ." *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013). "If, however, the record 'raise[s] a substantial question as to whether [the claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing." *Id.* (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)); *see also Reynolds*, 424 F. App'x at 415-16 (holding that the ALJ erred by not conducting any step-three evaluation of the

---

[5] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Miller v. Comm'r of Soc. Sec.*, No. 3:18-cv-281, 2019 WL 4253867, at *1 n.1 (S.D. Ohio Sept. 9, 2019) (quoting *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007)). The Court's references to DIB regulations should be read to incorporate the corresponding and identical SSI regulations for purposes of this Order.

8

claimant's physical impairments where the ALJ found that the claimant had the severe impairment of back pain, and the claimant had put forth evidence that could meet the applicable Listing).

Where an ALJ does not discuss a Listing, the Court "must determine whether the record evidence raises a substantial question as to [a claimant's] ability to satisfy each requirement of the listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 433 (6th Cir. 2014).  To raise a substantial question, "[a] claimant must do more than point to evidence on which the ALJ could have based" her Listing finding.  *Id.* at 432 (quoting *Sheeks*, 544 F. App'x at 641-42). "Rather, the claimant must point to specific evidence that demonstrates [s]he reasonably could meet or equal every requirement of the listing." *Id.* (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)).  "Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three." *Id.* at 433; *see also Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (finding harmless error in the ALJ's unexplained step-three findings where the claimant did not show that he could reasonably meet or equal a Listing's criteria).

Plaintiff argues that "there is plenty of evidence in the record to support a finding that [her] fibromyalgia is a significant impairment that could have met a listing, or at least equaled a listing in combination with other impairments."  (Doc. 9 at PAGEID 1051).  Plaintiff then highlights her diagnosis and reported symptoms of fibromyalgia between 2012 and 2021.

Plaintiff fails to raise a "substantial question" as to the applicability of any Listing because she does not "point to specific evidence that demonstrates [s]he reasonably could meet or equal every requirement of [a] listing." *Smith-Johnson*, 579 F. App'x at 432 (citing *Zebley*,

493 U.S. at 530).  There is no listing for fibromyalgia because it "is not a listed impairment."

SSR 12-2p, 2012 WL 3104869, at *6.  SSR 12-2p, however, instructs the ALJ to consider

whether fibromyalgia "medically equals a listing (for example, listing 14.09D in the listing for

imflammatory arthritis), or whether it medically equals a listing in combination with at least one

other medically determinable impairment."  *Id.*  Assuming plaintiff argues that Listing 14.09(D)

is applicable, its requirements are the following:

> Repeated manifestations of inflammatory arthritis, with at least two of the
> constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary
> weight loss) and one of the following at the marked level:
>
>> 1. Limitation of activities of daily living.
>> 2. Limitation in maintaining social functioning.
>> 3. Limitation in completing tasks in a timely manner due to deficiencies in
>>    concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.09(D).

Even giving plaintiff the benefit of the doubt that the records summarized in her brief

regarding her fibromyalgia and mental health issues could reasonably meet or equal the  two-

constitutional-symptom requirement in this Listing (i.e., severe fatigue and malaise) (*see* Doc. 9

at PAGEID 1044-47; 1051-52), she makes no argument with respect to the marked-functional-

limitation requirement and does not challenge the ALJ's findings related thereto.  "At step three

of the evaluation process, it is the burden of the claimant to show that he meets or equals the

listed impairment."  *Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 727-28 (6th Cir. 2004).

That the ALJ did not reference fibromyalgia at step three of the sequential evaluation

process, specifically, does not change the result.  The ALJ here made "a statement that the

individual's impairment(s) does not medically equal a listed impairment[,]" which was

"sufficient articulation for this finding" because the ALJ articulated "the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process. . . ."  SSR 17-2p, 2017 WL 3928306, at *4.  (*See* Tr. 20, 25-26 (ALJ's general statement regarding medical equivalence and later discussion of fibromyalgia at steps three and four of the sequential evaluation process)).

In sum, the Court finds no error in the ALJ's assessment of plaintiff's fibromyalgia at steps two or three of the sequential evaluation process.  The ALJ's decision with respect to plaintiff's fibromyalgia is supported by substantial evidence.

### 2.  Dr. Black's opinion

The ALJ found psychological consultative examiner Dr. Black's opinion "persuasive" and "largely supported and consistent with" the record.  (Tr. 29).  Plaintiff argues that the ALJ therefore erred by failing to incorporate Dr. Black's limitation that plaintiff was "able to complete simple and multi-step tasks *if set at her own pace*."  (Tr. 848 (emphasis added)).  Plaintiff asserts the phrase "if set at her own pace" is a specific and concrete limitation that warranted a corresponding limitation in the RFC determination.  Plaintiff argues that the ALJ's RFC determination limiting plaintiff to simple tasks and decisions did not sufficiently incorporate Dr. Black's latter qualification as to pace.  (*See* Tr. 23).

The Commissioner argues in response that the ALJ was not required to adopt Dr. Black's opinion verbatim.  The Commissioner contends that Dr. Black's limitation was not so specific or concrete as to warrant any limitations beyond the ALJ's RFC limitation to "simple tasks; . . . simple decisions; and . . . routine changes in the workplace setting."  (Tr. 23).  The

Commissioner argues that Sixth Circuit authority and this Court's prior decisions support the conclusion that the ALJ's RFC determination adequately incorporated plaintiff's moderate limitation in this area.  Lastly, the Commissioner argues that the ALJ's decision sufficiently explains his treatment of this component of Dr. Black's opinion, given that the ALJ characterized her opinion as "largely" (not fully or completely) supported and highlighted plaintiff's normal exam findings throughout the record.

Whether the ALJ's omission of any pace-based limitations in plaintiff's RCF is supported by substantial evidence depends on two things: 1) whether Dr. Black's opinion that plaintiff can only perform simple tasks "if set at her own pace" is in fact a pace-based restriction; and, if so, 2) whether the ALJ's failure to incorporate that pace-based restriction in the RFC complies with the Social Security regulations and is supported by substantial evidence.

Where the medical opinion evidence establishes that a Social Security claimant has specific pace, speed, and concentration limitations, the ALJ must include such speed and pace-based restrictions in his RFC formulation and in the hypothetical questions posed to a VE.  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516-17 (6th Cir. 2010).  In *Ealy*, the claimant's doctor limited him to "simple, repetitive tasks [for] [two-hour] segments over an eight-hour day where speed was not critical."  *Id.* at 516.  The ALJ adopted the doctor's opinion and specific limitations but streamlined the hypothetical question to include only a limitation to "simple repetitive tasks and instructions in nonpublic work settings" and omitted the two-hour pace-based restriction.  *Id.*  The Sixth Circuit determined that the ALJ's hypothetical question to the

12

VE did not fully convey the plaintiff's limitations because it omitted the specific speed and pace-based restrictions the ALJ found the claimant to have.  *Id.* at 517.

In *Smith-Johnson*, the Sixth Circuit distinguished *Ealy* and held that a hypothetical limiting an individual to simple, routine, and repetitive tasks adequately conveyed the plaintiff's moderate limitations in the ability "to maintain attention and concentration for extended periods."  579 F. App'x at 437.  The Court noted that in *Ealy*, the hypothetical limiting the plaintiff to "simple repetitive tasks and instructions in nonpublic work settings" failed to "adequately reflect the claimant's limitations because it truncated the doctor's specific restrictions" limiting the plaintiff to "simple, repetitive tasks [for] [two-hour] segments over an eight-hour day where speed was not critical."  *Id.* at 436-37 (quoting *Ealy*, 594 F.3d at 516).  In contrast, the medical source in *Smith-Johnson* "did not place any concrete functional limitations on [the claimant's] abilities to maintain attention, concentration, or pace when performing simple, repetitive, or routine tasks"; instead, the source found the plaintiff capable of performing simple tasks on a "sustained basis" despite her moderate limitations in maintaining concentration and persistence for "extended periods."  *Id.* at 437.  "In other words, the limitation to simple tasks portrays the tasks that she can perform without being affected by her moderate limitations." *Id*.  *See also Hatfield v. Comm'r of Soc. Sec.*, No. 1:14-cv-851, 2016 WL 225674, at *8 (S.D. Ohio Jan. 19, 2016) (pace restriction was not warranted where the state agency assessed a moderate limitation in concentration, persistence, *or* pace; and state agency psychologists specifically opined that the plaintiff "was *not* significantly limited in his ability to . . . perform at a consistent pace. . . .") (second emphasis added), *report and recommendation adopted*, 2016

WL 695974 (S.D. Ohio Feb. 22, 2016).  *Cf. Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016) ("Case law in this Circuit does not support a rule that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace.").

The Commissioner takes the position that "at [plaintiff's] own pace" (Tr. 848) is not a specific or concrete pace-based restriction.  The Agency, however, has used this precise phrase or similar phrases to signify a limitation in a claimant's ability to perform at an externally set rate—as have courts reviewing Agency decisions.  *See, e.g.*, *Sparks v. Berryhill*, No. 3:17-cv-00034, 2018 WL 773927, at *2 (S.D. Ohio Feb. 8, 2018) (state agency reviewer noted that a claimant could "follow simple, repetitive tasks *at her own pace* without strict time/production quotas") (emphasis added), *report and recommendation adopted*, 2018 WL 1047098 (S.D. Ohio Feb. 26, 2018); *Denese A. v. Comm'r of Soc. Sec.*, No. 2:20-cv-6167, 2022 WL 1236475, at *1 (S.D. Ohio Apr. 27, 2022) (state agency opinion regarding a "flexible pace" incorporated into the RFC determination), *report and recommendation adopted*, 2022 WL 1523529 (S.D. Ohio May 13, 2022); *Daryl B. v. Saul*, No. 3:19-cv-280, 2020 WL 1471690, at *10 (E.D. Va. Mar. 26, 2020) ("[T]he ALJ accounted for Plaintiff's pace limitations by limiting him to an occupation in which he could set his own pace."); *Wanda H. v. Saul*, No. 3:19-cv-001, 2019 WL 6709387, at *9 (E.D. Va. Dec. 9, 2019) ("The ALJ clearly accounted for Plaintiff's ability to stay on task and maintain pace by limiting her to simple, routine tasks with ordinary breaks and *without an external source dictating her pace of work*.") (emphasis added); *Shoemaker v. Colvin*, No. 6:14-cv-01220, 2015 WL 5156644, at *10 (D. Or. Sept. 2, 2015) ("[T]he ALJ confirmed that the jobs

14

identified by the VE could be performed by someone performing *at his own pace*.") (emphasis added), *aff'd sub nom. Shoemaker v. Berryhill*, 710 F. App'x 750 (9th Cir. 2018). The Court therefore finds that Dr. Black's restriction to work "if set at her own pace" is a concrete and specific pace-based restriction.

The next issue is whether the ALJ erred by not adopting Dr. Black's pace-based limitation in the RFC assessment despite finding Dr. Black's opinion "persuasive."

The ALJ alone is responsible for determining plaintiff's RFC based on all the relevant evidence, including the medical opinions of record. 20 C.F.R. §§ 404.1545, 404.1546. The ALJ is required to evaluate medical opinions for "persuasiveness" by considering, at a minimum, the supportability and consistency of the medical opinion with the other record evidence. 20 C.F.R. § 404.1520c(c). The ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from the claimant's medical sources." 20 C.F.R. § 404.1520c(a).[6] *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). Even where an ALJ concludes that a physician's opinion is persuasive, there is no requirement that the ALJ adopt such opinion verbatim or adopt the physician's limitations wholesale. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). "Nevertheless, where . . . an ALJ determines that a finding is persuasive, the ALJ must incorporate the limitation in that finding or provide a sufficient explanation for declining to do so." *Slone v. Comm'r of Soc. Sec.*, No. 2:20-

---

[6] Plaintiff's applications were filed after March 27, 2017. Therefore, they are governed by revised regulations redefining how evidence is categorized and evaluated when an RFC is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c.

15

cv-4850, 2021 WL 4901498, at *5 (S.D. Ohio Oct. 21, 2021) (citing *Hankinson v. Comm'r of Soc. Sec.*, No. 2:18-cv-58, 2020 WL 240812, at *2 (S.D. Ohio Jan. 16, 2020)), *report and recommendation adopted*, 2021 WL 5323115 (S.D. Ohio Nov. 16, 2021).  "[A] district court cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'"  *Ephraim v. Saul*, No. 1:20-cv-00633, 2021 WL 327755, at *7 (N.D. Ohio Jan. 8, 2021), *report and recommendation adopted sub nom. Ephraim v. Comm'r of Soc. Sec.*, 2021 WL 325721 (N.D. Ohio Feb. 1, 2021) (quoting *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011)).

In this case, the ALJ determined that Dr. Black's opinion was "persuasive," but the ALJ did not include Dr. Black's pace-based limitation in the RFC assessment.  Nor did the ALJ explain the reasons why he did not include a pace-based restriction in the RFC determination. Following his summary of Dr. Black's conclusions, the ALJ stated: "The undersigned finds [Dr. Black's] opinion persuasive as it is largely supported and consistent with the consultative examination, neuropsychological examination, [plaintiff's] conservative treatment history, and the many normal mental status examinations."  (Tr. 29).  The Commissioner urges the Court to credit the ALJ's qualification of Dr. Black's opinion as "largely supported" as an explanation for why he did not include a pace restriction.  The ALJ's overarching characterization of Dr. Black's opinion as "persuasive," however, was *unqualified*.  The Court is also unconvinced that the ALJ's references to normal mental exam findings and plaintiff's reported activities of daily living—in and of themselves—cogently explain his omission of Dr. Black's pace restriction in

the RFC determination.  The Court concludes that the required explanation is lacking.

Therefore, the Court finds that the ALJ's failure to include a pace restriction in his RFC

determination is not supported by substantial evidence.

Based on the foregoing, plaintiff's Statement of Errors (Doc. 9) is **SUSTAINED IN**

**PART AND OVERRULED IN PART** and the Commissioner's non-disability finding is

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS** consistent with this

Order.


Date: _5/2/2023_____

Karen L. Litkovitz
Chief United States Magistrate Judge

17